The act of Assembly under which this ordinance was made contains, in addition to the general powers in section 5, the following specification: "That the said commissioners are fully authorized and particularly required and directed to make such laws and regulations as they may deem necessary to prevent hogs running at large in the said town." I admit, in the fullest extent, the (593) general positions which have been insisted on in behalf of the plaintiff, that all by-laws must be consistent with the Constitution and the laws of the State; that no man shall be deprived of his property but by the law of the land; and that the right of appeal is by the act given in very comprehensive terms. But this law must be construed by those rules which have ever been applied to statutes, and which make the common law the basis of construction in all cases, which suppose the common law to subsist where it is not expressly or virtually repealed, and which permit the meaning of the law to correct, restrain, or enlarge the words of it. It is not necessary to cite authorities for these rules. If it were, I know not where they are better explained than in Plowden, who compares a statute to a nut. The sense, he tells us, is the kernel; the words are only the husk or shell. The right of appeal, then, must be confined to those cases where the property or thing in dispute is susceptible of legal protection from it, and where such right can be exercised without taking away or impairing the preexisting common-law rights of others.
There are many instances where every man is allowed a private and summary method of doing himself justice for injuries which cannot wait for the slow form of justice, and which would be altogether irremediable if they were to be referred to a future decision. However wise and salutary the laws of any country may be, the state of nature must, in some respects, subsist between the members, and must be resorted to in those cases where the laws cannot afford protection. It is on this principle that a nuisance may be abated by the party aggrieved by it, because it annoys that which is of continual comfort and convenience to him; and this it would be unreasonable to require him to submit to until he could obtain the aid of the law; as much so as to require him to submit passively to a battery or any personal wrong.
The right which every individual member of a town possesses will not be denied to belong to the corporation instituted for its government *Page 428 
(594) and police, in relation to such injuries as are done to either in a manner requiring prompt redress. If it is not transferred to the members of the corporation by the inhabitants who choose them, it subsists in them independently, as an essential attribute to their office, and one without which it is impracticable to effect the objects for which they are constituted. As it has been decided that they are indictable for not keeping the streets in repair, it seems reasonable that their power to perform this duty should not be weakened by stripping them of any of those common-law rights without which the duty cannot be discharged; for if they may not abate a nuisance until the question be decided with the owner of the property, after an appeal through all the courts, it is evident that they must be overtaken by the penalty of an indictment for the very act which they cannot remedy.
I acknowledge that this reasoning is altogether irrelevant, unless it is a nuisance for hogs to run at large in the streets of a town. I think it is within the definition of the term, and quite as much an annoyance as many acts that have been decided to be nuisances. Lord Mansfield has said that a nuisance is whatever renders the enjoyment of life and propertyuncomfortable. 1 Burr., 337. It is not necessary to multiply words in proving that the enjoyment of property, in a town, is most essentially interrupted by the practice in question. Streets rooted up, and the ordinary inclosures broken down, impede all improvement, public and private. Mudholes made in public ways charged with stagnant water, whence a fervid sun constantly exhales effluvia of intolerable stench and noxious qualities, must, in this climate, be inimical to health. No inhabitant of a town can be insensible of the degree in which the enjoyment of life is thus diminished unless every avenue to his house, or the space under his house, is effectually guarded against the intrusion of these animals. In short, all the inconveniences produced by them, the enumeration of which seems almost inconsistent with the gravity of a judicial discussion, satisfy me that, upon principles of common law and common sense, they answer the definition of a nuisance. And it may be added, in proof of the sense entertained by the people of this (595) State on this subject for upwards of a hundred years, that the earliest private act upon record contains a similar provision, in substance, with this ordinance;and almost every private act since that time establishing a town confers a like power upon the commissioners. Keeping hogs in a town is, in England, a nuisance, both by common law and by statute, as is evident from Regina v. Wigg, 2 Ld. Ray., 1163, and, for the reasons I have given, suffering them to go at large in a town is a nuisance in a greater degree, according to my conception of the comparative inconvenience of both practices. *Page 429 
Whether an act amounts to a nuisance must depend upon the place in which it is done, and its tendency to produce those inconveniences which are specified in the definition of the offense. Thus an act may amount to a nuisance in a town which would not be so elsewhere. Whatever tends to retard the improvement of a town or to render a residence in it uncomfortable must be a nuisance, because it deprives the owners of lots of the enjoyment of their property, and is inconsistent with the original purpose of the grant, which was that the lots should be built upon. A magazine of powder kept in a populous part of the town would be a nuisance, because it would give a reasonable cause of apprehension from fire. A man, on his own farm, may erect his own hog-stye; but, in a town, he cannot keep hogs or erect even a dove-cote or pigeonhouse so near my dwelling as to offend by the smell. Either of these is a nuisance. Roll., 141; 9 Coke, 57; 16 Vin., 25. On the same principle, a matter may be a nuisance in one part of the town which would not be so in another. Some trades ought not to be pursued in the principal parts of the city, but in the outskirts. 2 Show, 327. A lime-kiln so near my house that the smoke offends is a nuisance. 9 Coke, 59. The principle on which the law proceeds is so to use your property as not to injure that of another. 3 Selw., 974. One great object of the incorporation of a town or village is a more summary inquiry into nuisances and removal of them. Law. Mis. by Judge Breckenridge, 160.
For these reasons I am led to conclude that the commissioners have not transcended their powers by this ordinance. But as all the rest of the Court are of a different opinion, there must be (596)
Judgment for the plaintiff.
Cited: Hellen v. Noe, 25 N.C. 499; Daniels v. Homer, 139 N.C. 250,270; S. v. Prevo, 178 N.C. 743.